**So Ordered.**


Patricia C. Williams
Bankruptcy Judge

**Dated: September 5th, 2013**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>LLS AMERICA, LLC, et al.,<br><br>                  Debtor(s). | DC Case No. 12-cv-00340-RMP<br><br>Case No. 09-06194-PCW11 |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC<br><br>                  Plaintiff(s),<br><br>vs.<br><br>ANTHONY CILWA and VICTORIA CILWA,<br><br>                  Defendant(s). | Adversary No. 11-80161-PCW<br><br>MEMORANDUM DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S SECOND CAUSE OF ACTION (ECF NO. 87) |

On July 16, 2011, plaintiff trustee filed an adversary complaint alleging that the defendants Cilwa had received total transfers from the debtor of $187,166.06 plus $149,668.11 (CAD). The complaint sought recovery of those transfers from the

MEMORANDUM DECISION RE: DEFENDANTS' . . . ~ Page 1

defendants, as the transfers occurred in the context of a Ponzi scheme and while the debtor was insolvent and, as a consequence, were the result of actual fraud. Specifically, the second cause of action in the Complaint alleged that of the total amounts transferred, the sum of $55,500.00 and $144,360.90 (CAD) were received by the defendants Cilwa more than four years prior to the bankruptcy petition. Recovery of that portion of the total transfers was sought under RCW 19.40.091(a), Washington's enactment of the Uniform Fraudulent Transfers Act (UFTA).

After filing the answer to the complaint, defendants Cilwa, without benefit of counsel, on October 29, 2012 (ECF No. 87), filed a motion for summary judgment seeking dismissal of the second cause of action. The basis of the motion was that neither the Bankruptcy Code nor the UFTA allowed the plaintiff to recover transfers which occurred prior to four years preceding the bankruptcy petition. No supporting memorandum of authorities or supporting pleadings were filed. Pursuant to the court's local rule, a status conference was held on November 13, 2012, with a briefing schedule established for a hearing date of February 26, 2013.

On January 22, 2013, prior to filing any briefs regarding the issue, defendants Cilwa filed a Motion to Withdraw (ECF No. 103) Defendants' Motion for Summary Judgment on Plaintiff's Second Cause of Action (ECF No. 87). The substance of that motion was not a withdrawal of the motion, but a request that the motion not be heard until after resolution of the then pending "common issues" of whether a Ponzi scheme

existed and identifying the date of insolvency. Consequently, the hearing scheduled for February 26, 2013, was rescheduled to July 22, 2013.

On July 22, 2013, after resolution of the common issues, the scheduling conference occurred and a briefing schedule was established, with the court to rule without oral argument. At the scheduling conference, the plaintiff indicated that he would also file a motion for summary judgment and a deadline of July 25, 2013 was established for such motion. No such motion for summary judgment has been filed by the plaintiff in this case. Defendants Cilwa timely filed a brief (ECF No. 124) in support of defendants Cilwa's Motion for Summary Judgment on August 5, 2013. No declaration or statement of facts was provided. Plaintiff timely filed a response (ECF No. 130).

This adversary had been consolidated with numerous other adversaries into adversary proceeding No. 11-80299-PCW for the purpose of determining the common issues. A scheduling order was entered in adversary proceeding No. 11-80299-PCW relating to the common issues (ECF No. 214) and scheduling orders in various adversaries were also entered relating to non-common issues (ECF Nos. 219 and 469). Essentially, the orders regarding non-common issues provided that dispositive motions were due no later than July 25, 2013, and non-dispositive motions were due August 1, 2013. In adversary proceeding No. 11-80299-PCW, the plaintiff filed a Motion for Partial Summary Judgment on Certain Section 544(b)(1) Requirements

and Applicable Reach-Back Periods (ECF No. 435), resolution of which presents the same issue as contained in the defendants Cilwa's Motion for Summary Judgment (ECF No. 87) seeking dismissal of the second cause of action in this adversary. Defendants Cilwa in this adversary and in adversary No. 11-80299-PCW filed Motions to Strike (ECF No. 125 and ECF No. 464, respectively). Defendants Cilwa sought to strike the plaintiff's Motion for Partial Summary Judgment on Certain Section 544(b)(1) Requirements and Applicable Reach-Back Periods (ECF No. 435) on the basis that the plaintiff's motion was untimely. Defendants Cilwa attended the hearing on August 29, 2013 in adversary proceeding No. 11-80299-PCW (ECF No. 501), at which time defendants Cilwa orally withdrew their Motions to Strike filed in this adversary (ECF No. 125) and adversary proceeding No. 11-80299-PCW (ECF No. 464). The plaintiff's Motion for Partial Summary Judgment in adversary proceeding No. 11-80299-PCW has been addressed by Memorandum Decision (ECF No. 505) entered in that adversary of even date with this decision and contains information relevant to the current controversy in this adversary.

Defendants Cilwa correctly state that at the scheduling conference on July 22, 2013 in this adversary proceeding relating to defendants Cilwa's Motion for Summary Judgment (ECF No. 87), the plaintiff's counsel stated that he intended to file a motion for summary judgment in this adversary. As correctly noted by defendants Cilwa, the deadline to do so was July 25, 2013, and no such motion was filed. However, plaintiff

was given permission to file his Motion for Partial Summary Judgment regarding the "reach-back" period under the applicable statute of limitations in the consolidated adversary proceeding No. 11-80299-PCW. That motion has been stricken as untimely. *See* Memorandum Decision filed September 5, 2013 in adversary proceeding No. 11-80299-PCW, ECF No. 505.

As explained in the Memorandum Decision in 11-80299-PCW, any ruling by this court on the merits of defendants Cilwa's timely filed motion in this adversary would take the form of a report and recommendation to the District Court. As the District Court will be ruling on the merits of the issue presented by defendants Cilwa's motion in this adversary during the course of the trial beginning September 30, 2013, in adversary proceeding No. 11-80093-PCW, it would be a waste of judicial resources for this court to also rule on the merits. The District Court will be conducting the trial of this adversary and may consider defendants Cilwa's Motion for Summary Judgment (ECF No. 87) at the appropriate time.[1] There is no prejudice to defendants Cilwa arising from this court's deferral of the ruling on the merits to the District Court. Therefore, the defendants Cilwa's Motion for Summary Judgment (ECF No. 87) is **STRICKEN** and an order will be entered accordingly. The issue raised in the motion,

---

[1] This adversary is in group 7 of the Notice to Set Cases for Pretrial Conferences (ECF No. 381 filed in adversary proceeding No. 11-80299-PCW) and most likely will occur in 2014.

i.e., the applicability of the statute of limitations, will be determined by the District Court. As this does not constitute a ruling on the merits by this court, no report and recommendation to the District Court will be entered. The parties should invoke appropriate District Court procedures to obtain a resolution of the issue by that court.

//END OF MEMORANDUM DECISION///